NAYLOR et al. v. LORIMER-SCHOLES CO.

(Supreme Court, Appellate Division, Second Department. March 5, 1909.)

ABATEMENT AND REVIVAL (§ 7*) — ANOTHER ACTION PENDING—JURISDICTIONAL DEFECT.

An action of which the trial court had no jurisdiction does not bar another action between the same parties.

[Ed. Note.—For other cases, see Abatement and Revival, Dec. Dig. § 7.*]

Appeal from Municipal Court of New York.

Action by John Naylor and another, trading as Naylor Bros., against the Lorimer-Scholes Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Joseph L. Young, for appellant.
Benjamin Lesser, for respondents.

WOODWARD, J. This action is to recover the purchase price of certain goods sold and delivered to the defendant by the plaintiffs,

and there is no question raised on the appeal as to the amount of the judgment or as to any ruling of the court, except upon the effect of a certain order which is set forth in the record. The defendant pleaded in its answer that there was an action pending between the same parties involving this same cause of action, and sought to establish this fact by introducing the record of an action between the parties, which showed, by the order made, that the judgment of the Municipal Court had been appealed from, and that the judgment had been reversed on a stipulation, owing to the fact that there had been no proper service on the defendant, and the trial court was without jurisdiction.

There is nothing in the record, as it appears on this appeal, to show that the action referred to in the order related to the same subject-matter as is here involved; but, if it did, the fact that the judgment was reversed because of a jurisdictional defect in the original action would seem to entirely negative the proposition that there was another action pending between the same parties. If, in the original action, the trial court was without jurisdiction, there was no action pending at any time, and it would be a travesty on justice to permit such a defense as is here urged.

The judgment appealed from should be affirmed, with costs. All concur.